UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| YVONNE CLINTON-HARRIEL, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 4:08CV362 AGF |
| | ) |
| CYNDI PRUDDEN, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. After reviewing the case, the Court has determined that Petitioner is not entitled to relief. As a result, the petition will be denied.

**Background**

On February 14, 2006, Petitioner pled guilty to one count of second-degree robbery, one count of armed criminal action, and one count of receiving stolen property. Petitioner was sentenced that same day as a prior and persistent offender to two concurrent twenty year prison terms on the robbery and armed criminal action counts, and she was sentenced to time served on the receiving stolen property count.

Petitioner did not appeal. Her sentence, therefore, became final on February 24, 2006. See Mo. Sup. Ct. R. 30.01(d). Petitioner did not file any motion for post-conviction relief in the state courts. Petitioner mailed the instant petition for writ of habeas corpus to the Court on March 10, 2008.

Petitioner asserts the following rounds for relief:

1. Plea counsel was ineffective for failing to spend a sufficient amount of time with Petitioner and for failing to apprise her of the state's evidence.

2. The convictions for second-degree robbery and armed criminal action violate the Double Jeopardy Clause because they arose from a single incident.

3. The plea court sentenced Petitioner to a term of imprisonment in excess of that authorized by state law because the court failed to make a sufficient finding that she was a prior and persistent offender.

Respondent argues that the Court should deny habeas relief for three separate and independent reasons: the petition is time-barred, Petitioner's claims are all procedurally defaulted, and none of Petitioner's claims have merit.

## Timeliness of Petition

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a Petitioner can show that (1) she has been diligently pursuing her rights and (2) an extraordinary circumstance stood in her way and prevented timely filing. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010) (citation omitted). Equitable tolling is a flexible doctrine that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

Petitioner asserts that information she now has to support her claims "just came into existence to [her]," and that she is "a layman to the law." To the extent that Petitioner is arguing that she did not discover the factual predicate of her claims more than a year before she filed her habeas petition, such that the petition is timely under § 2244(d)(1)(D), this argument fails. "[T]he factual predicate of a petitioner's claims constitutes the vital facts underlying those claims." Earl v. Fabian, 556 F.3d 717, 725 (8th Cir. 2009) (citation omitted). Section 2244(d)(1)(D), "does not convey a statutory right to an extended delay . . . while a habeas petitioner gathers every possible scrap of evidence that might . . . support his claim." Id. at 726. (citation omitted). Here, there is no basis for application of § 2244(d)(1)(D), and absent equitable tolling, Petitioner's habeas petition, is time-barred, as it was filed more than two years after her judgment became final.

With respect to equitable tolling, the United States Court of Appeals for the Eighth Circuit has consistently held that "pro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken in prior post-conviction proceedings" do not constitute extraordinary circumstances justifying equitable tolling. Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (citations omitted); see also Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"). And Petitioner has not demonstrated that she had been diligently pursuing her rights before bringing the instant action in this Court. As a result, the petition is time-barred, and Petitioner is not entitled to habeas relief.

**Procedural Bar**

A state prisoner seeking habeas review must have fairly presented the substance of her claims to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. Wemark v. Iowa, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (citation omitted). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. Id. at 1021 (quotations omitted). Claims that have not been fairly presented to the state courts are procedurally defaulted. Id. at 1022 (quoting Gray v. Netherland, 518 U.S. 152, 161 (1996)).

Claims that have been procedurally defaulted may not give rise to federal habeas relief unless the petitioner shows "cause" for the default and "prejudice" therefrom, "or a fundamental miscarriage of justice-meaning that he is actually innocent." Storey v. Roper, 603 F.3d 507, 523-24 (8th Cir. 2010). "[T]he existence of cause for a procedural default must ordinarily turn on whether the prisoner can show that some objective factor external to the defense impeded counsel's efforts to comply with the State's procedural rule." Murray v. Carrier, 477 U.S. 478, 488 (1986).

Here, Petitioner did not present any of the issues raised in the instant petition to the state courts either on direct appeal or in a motion for post-conviction relief. And Petitioner has not demonstrated that an objective factor prevented her from presenting her claims to the state courts, or that a miscarriage of justice would result if habeas relief were denied. As a result, each of the grounds for relief presented in the instant petition is procedurally barred. See, e.g., Petty v. Card, 195 F.3d 399, 400 (8th Cir. 1999).

**Merits Discussion**

Assuming arguendo, the claims were not time barred or procedurally barred, they would still fail on the merits.

1. Ground One

In ground one, Petitioner argues that plea counsel was ineffective for failing to spend a sufficient amount of time with Petitioner and for failing to apprise her of the state's evidence. Respondent counters that this claim is refuted by the record.

"[O]nce a person has entered a guilty plea any 'subsequent presentation of conclusory allegations unsupported by specifics is subject to summary dismissal, as are contentions that in the face of the record are wholly incredible.'" Tran v. Lockhart, 849 F.2d 1064, 1068 (8th Cir. 1988) (quoting Blackledge v. Allison, 431 U.S. 63, 74 (1976)).

During the plea/sentencing hearing, Petitioner testified that counsel had adequately explained her legal rights to her, had adequately gone over the evidence with her, that counsel did everything she had asked him to do, and that he had done "a good job" for her. (Resp. Ex. C at 15-17.) Petitioner's conclusory statements to the contrary are wholly incredible in the face of the record. As a result, ground one fails on the merits.

2. Ground Two

In ground two, Petitioner argues that the convictions for second-degree robbery and armed criminal action violate the Double Jeopardy Clause because they arose from a single incident. Respondent argues that Petitioner waived this claim when she pled guilty and that the Double Jeopardy Clause is not implicated because the Missouri legislature specifically authorized cumulative punishment under two statutes.

"A plea of guilty and the ensuing conviction comprehend all of the factual and legal elements necessary to sustain a binding, final judgment of guilt and a lawful sentence." United States v. Broce, 488 U.S. 563, 569 (1989). Accordingly, when a prisoner brings a habeas action challenging a conviction secured by a plea of guilty, the inquiry is generally confined to whether the plea was knowing and voluntary. Id. A

voluntary plea of guilty waives all non-jurisdictional defects." Becko v. Nebraska, 435 F.2d 157 (8th Cir. 1970) (citations omitted).

The Court agrees with Respondent that Petitioner waived this claim when she pled guilty on both counts. See Broce, 488 U.S. at 569 (holding that a double jeopardy claim is waived by a guilty plea). Furthermore, the Supreme Court of the United States has held that cumulative sentences for robbery and armed criminal action under Missouri law do not violate double jeopardy. Missouri v. Hunter, 459 U.S. 359, 368-69 (1983). As a result, ground two fails on the merits.

    3.    Ground Three

In ground three, Petitioner argues that the plea court sentenced Petitioner to a term of imprisonment in excess of that authorized by state law because the court failed to make a sufficient finding that she was a prior and persistent offender. As Respondent argues, this claim is refuted by the record. During the plea hearing, Petitioner admitted that she had been convicted of two or more prior felonies, and Petitioner said she understood that the court would use those felonies to enhance her sentence as a prior and persistent offender. (Resp. Ex. C at 12-14, 22-23.) As a result, ground three fails on the merits.

**Conclusion**

For these reasons, the Court finds that Petitioner is not entitled to habeas relief. Additionally, Petitioner has failed to make a substantial showing of the denial of a constitutional right, and the Court will not issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is **DENIED**.

**IT IS FURTHER ORDERED** that no certificate of appealability shall issue.

A separate Judgment shall accompany this Memorandum and Order.

                                                                         _____
AUDREY G. FLEISSIG
UNITED STATES DISTRICT JUDGE

Dated this 23rd day of March, 2011.